UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JET BLAST, INC.,**

    Plaintiff,

v.                                                                        CASE NO. 3:24-cv-469-MCR-HTC

**BLUE LAKE SERVICE, LLC, et al.,**

**Defendants.**
_____/

# ORDER

Two motions are presently before the Court. Defendant Blue Lake Service, LLC has moved for its counsel to appear remotely at the hearing scheduled for July 14, 2025. *See* ECF No. 76. Plaintiff Jet Blast, Inc. has filed a motion requesting the Court (i) clarify Local Rule 7.1(B), Local Rule 7.1(C), and Federal Rule of Civil Procedure 37(a)(1); (ii) "enter a protective order to restrain further procedural misuse by Defendants"; (iii) issue sanctions against Defendants "for past conduct" and admonish Defendants from engaging in "similar conduct"; (iv) set an evidentiary hearing "to address all misconduct in this matter"; and (v) issue an order permitting "the matter to resume on the merits." *See* ECF No. 77 at 7.

First, the Court will grant Blue Lake's motion to attend the July 14, 2025 hearing remotely. Counsel for Blue Lake planning to attend the hearing must email

Barbara Rogers at barbara_rogers@flnd.uscourts.gov by July 14, 2025 at 9 a.m. CT to obtain login information for the proceeding.

Second, Jet Blast's motion will be denied. After carefully reviewing Jet Blast's motion and accompanying exhibits, the Court cannot escape the conclusion that Jet Blast is endeavoring to manufacture a dispute that does not exist so as to deflect attention from its "open and willful defiance of Magistrate Judge Cannon's orders imposing monetary sanctions." ECF No. 73 at 1. The Federal and Local Rules requiring a good faith conferral between opposing attorneys in certain circumstances are simple and plain. They require no clarification. Nor do the issues raised by Jet Blast call for their novel application. Jet Blast's counsel, Justin Winch, is either feigning ignorance or demonstrating an astonishing lack of familiarity with the basic rules and procedures parties are required to follow when litigating in federal court. Likewise, for all the mudslinging in Jet Blast's motion, it has not come even close to showing that any of the Defendants engaged in "misconduct" or "procedural misuse." *See* ECF No. 77 at 7. There is accordingly no basis to impose sanctions, issue a protective order, or set a hearing on the matter. The forthcoming hearing set for July 14, 2025, is to discuss Jet Blast's and Mr. Winch's repeated violations of Court Orders, the Federal Rules of Civil Procedure, and the Local Rules. Whether

this action continues hinges on the extent to which those transgressions can be explained.

Accordingly, Blue Lake's motion, ECF No. 76, is **GRANTED** and Jet Blast's motion, ECF No. 77, is **DENIED**.

**DONE AND ORDERED** this 11th day of July 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:24-cv-469-MCR-HTC