UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JET BLAST, INC.,**

    **Plaintiff,**

v.                                                                          CASE NO. 3:24-cv-469-MCR-HTC

**BLUE LAKE SERVICE, LLC, et al.,**

**Defendants.**
_____/

## ORDER

    Plaintiff Jet Blast, Inc. has filed an objection, pursuant to Federal Rule of Civil Procedure 72(a), to Magistrate Judge Cannon's order denying its motion to reconsider a prior court order imposing $7,760 in monetary sanctions for discovery violations. *See* ECF No. 67. Defendants oppose. *See* ECF Nos. 70 & 71. After due consideration, Jet Blast's objection will be overruled.

    As a threshold matter, Jet Blast's objection is untimely. Some background is necessary to understand why. Judge Cannon first imposed the monetary sanctions on February 26, 2025, and fixed a payment deadline of March 5, 2025. *See* ECF No. 57. Under Rule 72(a), Jet Blast's time to object to the sanctions imposed by Judge Cannon was March 12, 2025. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy."). After both the payment deadline and the deadline to object lapsed without Jet Blast paying,

Defendants moved for additional sanctions. *See* ECF Nos. 58 & 59. Only then—on March 26, 2025—did Jet Blast move Judge Cannon to reconsider her order imposing sanctions. *See* ECF No. 61. Judge Cannon denied that motion on April 15, 2025, ECF No. 66, and this objection followed, ECF No. 67. With that context, it's easy to see Jet Blast's objection for what it is: a ham-fisted attempt at an end run around Federal Rule 72(a)'s 14-day deadline that it blew. All the arguments raised by Jet Blast's instant objection were known and available before the deadline to object on March 12, 2025, had passed.[1] Because "a party may not assign as error a defect in the order not timely objected to," the Court needn't even consider Jet Blast's belated objection. *See* Fed. R. Civ. P. 72(a) (citation modified).

Nevertheless, even if timely, Jet Blast's objection does not warrant disturbing Judge Cannon's decision. Rule 72(a) provides that district court judges must "modify or set aside any part of [a magistrate judge's nondispositive] order that is clearly erroneous or is contrary to law." The clear error standard of review is "highly deferential." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). To be clearly erroneous, the challenged decision should be more than "maybe or probably wrong," but instead must strike the Court "with the force of a

---

[1] Rather than address this deficiency head on, Jet Blast pretended the procedural windup to the instant motion did not exist and omitted it entirely. *See* ECF No 67.

CASE NO. 3:24-cv-469-MCR-HTC

five-week-old, unrefrigerated dead fish." *See Cox Enterprises, Inc. v. News-J. Corp.*, 794 F.3d 1259, 1272 n.92 (11th Cir. 2015) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec. Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)). "A finding is 'clearly erroneous' only if, despite evidence to support it, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 2436843, at *1 (N.D. Fla. Mar. 11, 2022) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Similarly, "a magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (citation modified). After carefully reviewing the matter, the Court finds that Judge Cannon's order is neither clearly erroneous nor contrary to law. The monetary sanctions imposed were not severe and were fully supported by the record.

Accordingly, Jet Blast's objection, ECF No. 67, is **OVERRULED**.

**DONE AND ORDERED** this 14th day of July 2025.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**